**U.S. Department of Justice**
Civil Division

*Washington, DC 20044*

May 17, 2024

Jarrett B. Perlow
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Re: *The Boeing Company v. United States*, No. 2023-1018

Dear Mr. Perlow:

Pursuant to Federal Rule of Appellate Procedure 28(j), defendant-appellee, the United States, respectfully submits this letter providing a supplemental citation. In this instance, we provide the supplemental citation for the purpose of clarifying a response by Government counsel during the May 9, 2024 oral argument in this case.

At the end of the Government's oral argument, in response to a question regarding whether the Government was "willing to make a *Chevron* argument," Government counsel responded "we haven't and don't." Oral Argument at 32:30. Government counsel's response was based only on the arguments presented in this appeal. However, in retrospect, the response may reasonably be understood as referring to the entire case, including proceedings below. In proceedings below, the Government did argue, contingently, that the trial court should defer to the Cost Accounting Standards (CAS) Board and the Federal Acquisition Regulatory Council (FAR Council).[1] *E.g.*, Def. Cross-Mot. for Summ. J. & Response to Pl. Mot. for Summ. J. at 38, *Boeing Co. v. United States*, No. 17-1969C (Fed. Cl. Feb. 9, 2021), ECF No. 45. However, as stated at oral argument, the Government is not making those arguments in this appeal.

---

[1] The CAS Statute indicates that the CAS Board may define "aggregate increased cost." 41 U.S.C. § 1503(b) ("aggregate increased cost to the Federal Government, as defined by the Board"). The FAR Council promulgated Federal Acquisition Regulation 30.606.

Respectfully submitted,

/s/ Daniel B. Volk
DANIEL B. VOLK
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
(202) 353-7955